UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-165 (10) (JRT/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                               **GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING**

MICHAEL TRAVELL COLLINS,

        Defendant.

The United States of America, by and through its attorneys, Gregory G. Brooker, Acting United States Attorney for the District of Minnesota, and Deidre Y. Aanstad and Melinda A. Williams, Assistant United States Attorneys, hereby submits its position with respect to sentencing of defendant Michael Travell Collins. For the reasons set forth below, the government respectfully requests that the Court impose a sentence of 37 months of imprisonment followed by a term of three years of supervised release.

## **INTRODUCTION**

On May 20, 2015, a 12-count Indictment was returned by a grand jury sitting in the District of Minnesota charging the defendant and 40 other individuals with conspiracy to distribute heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, to the communities in and surrounding the Red Lake and White Earth Indian Reservations in the District of Minnesota and Native American communities elsewhere, in violation of Title 21, United States Code,

Sections 841(a)(1), 841(b)(1)(B), and 846.  District Court Docket ("DCD") # 1, Pre-Sentence Report ("PSR") at ¶ 1.

On April 25, 2017, the defendant pled guilty to the lesser included offense of Count 1 of the Indictment, that is, conspiracy to distribute heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.  PSR at ¶ 41.

On November 7, 2016, the defendant was released on bond and was supervised by Pretrial Services in the Southern District of Indiana.  *Id.* at ¶ 43.  Following a series of failures to comply with conditions, including the use of marijuana and failure to attend substance abuse counseling, the defendant was arrested and detained.  *Id.*  On June 30, 2017, the defendant was detained in the District of Minnesota, pending halfway house availability.  *Id.*

I. **Offense Conduct**

During the spring and summer of 2014, law enforcement began investigating the drug trafficking activities of Omar Sharif Beasley.  According to information provided by community members and through investigation, law enforcement was aware that Beasley was distributing large quantities of heroin in and around the Red Lake Indian Reservation.  Further, Beasley was using local community members to assist him in the distribution of controlled substances.  A break in the investigation came on October 3, 2014, when law enforcement from the Red Lake Police Department executed a warrant at a residence on the Red Lake Indian Reservation.

Inside the residence, officers located several of the defendant's co-conspirators and approximately 1300 grams of heroin. All the individuals located inside the home were arrested on tribal or state charges.

As the investigation continued, law enforcement learned that the conspiracy extended not only to the Red Lake Indian Reservation, but also to the White Earth Indian Reservation and other Native American communities in North Dakota. A wire investigation was commenced in early March 2015. Beginning in late March 2015, law enforcement intercepted telephone calls between Beasley and the defendant. Law enforcement later conducted surveillance in Detroit Lakes, Minnesota, and observed the defendant in the company of several charged co-conspirators, including Beasley.

Based on the intercepted telephone calls and surveillance, law enforcement identified the defendant as a courier whom was involved in the Beasley Drug Trafficking Organization ("DTO").

The defendant was involved with the DTO from approximately February 2015 and continuing through approximately April 2015. More specifically, the defendant traveled to the District of Minnesota from Indiana, to work with Omar Sharif Beasley. Initially, the travel was for music. However, the defendant ultimately assisted Beasley in overseeing the distribution of heroin in the communities surrounding the White Earth Indian Reservation. The defendant assisted co-defendant Burney Abdulah Peoples in overseeing the distribution of heroin and collecting money. The defendant stayed at charged and uncharged co-conspirators' residences on the White

3

Earth Indian Reservation and communicated with Beasley regarding the status of distribution. As a part of the conspiracy, the defendant distributed and oversaw the distribution of at least 80 but less than 100 grams of heroin on and surrounding the White Earth Indian Reservation.

**II.   Prior Criminal History**

As outlined in the Presentence Report prepared in this matter, the defendant has a prior criminal history that includes a 1993 conviction for Reckless Homicide, a 2004 conviction for providing false information to a law enforcement officer, and a 2012 conviction for Terroristic Threats. PSR at ¶¶ 139-141. Most recently, in 2013, a warrant was issued for the defendant in DeKalb County, Georgia, for a probation violation in the 2012 case. *Id.* at ¶ 141. The government would also note that the defendant has a series of very serious encounters with the criminal justice system that did not result in convictions, including a dismissed 2001 case for Attempted Murder and a dismissed 2010 case for Felony Sexual Battery.

**SENTENCING GUIDELINES CALCULATION**

The district court should begin sentencing proceedings by correctly calculating the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007). In this matter, the defendant pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute Heroin and other controlled substances. The PSR correctly determined that the adjusted offense level for the defendant conspiring to distribute at least 80 but less than 100 grams of heroin is 22. PSR ¶¶ 89, 124. The PSR correctly concludes that the defendant is entitled to a 3-level adjustment for acceptance of

responsibility. PSR ¶¶ 133-134. Finally, the PSR correctly concluded that the defendant's criminal history category is III. PSR ¶ 144.

Based on the Probation Office's guidelines calculations, the PSR concluded that the defendant's Guidelines range for Conspiracy to Distribute and Possession with Intent to Distribute Heroin and other controlled substances is 37 to 46 months of imprisonment. PSR ¶ 191.

## SECTION 3553(a) SENTENCING FACTORS

In determining a sentence sufficient, but not greater than necessary, to accomplish the federal sentencing goals outlined in 18 U.S.C. § 3553, a Court must examine multiple factors including the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, and (d) to provide the defendant with needed educational and vocational training, medical care or other correctional treatment in the most effective manner; and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a). In this case, considering all of the sentencing factors, the government respectfully submits that a sentence of 37 months' imprisonment is appropriate for the defendant. Such a sentence would be sufficient, but not greater than necessary, to accomplish the federal sentencing goals in this case.

## I.    Nature and Circumstances of the Offense

Here, the defendant agreed that he voluntarily transported between 80 and 100 grams of heroin for the Beasley DTO. To put the amount in perspective, heroin is typically sold for $75-$100 a gram in northern Minnesota. At times, heroin is sold for an even greater amount. Thus, the defendant transported between $6,000-$10,000 in heroin for the DTO.

Neither the District of Minnesota nor the area surrounding the White Earth Indian Reservation was the defendant's home. Rather, the defendant travelled to Minnesota to profit from the ongoing heroin crisis on in the Native American communities. In doing so, the defendant contributed to a significant epidemic of substance abuse, specifically heroin and opioid abuse in Indian Country.

## II.   History and Characteristics of the Defendant

By the defendant's own report, the defendant is not addicted to any controlled substances, including heroin. Rather, the defendant's actions were part of a continuing scheme to make money at the hands of others. Moreover, as set forth above, the defendant has a significant history with the criminal justice system. Under these circumstances, a sentence within the calculated Guidelines range is certainly warranted.

## III.  A Fair and Just Sentence

In evaluating what is a sufficient, but not greater than necessary, sentence, the Court must examine several societal factors in addition to the specific factors surrounding the offense and the defendant. Namely, the Court must impose a

sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense.  Further, the Court must impose a sentence that affords adequate general and specific deterrence to criminal conduct.  Here, a sentence of 37 months' imprisonment balances all these societal and personal factors.

Without thought or consideration of others, the defendant enabled and contributed to the epidemic of heroin and opioid substance abuse in Native American communities in the District of Minnesota.  There is no secret about the chemical dependency struggles in Native American communities throughout the United States.  There is no secret about the outside influences that bring drugs to the reservation and impact individual community members and the community as a whole.  This defendant assisted distributing heroin to a state and community to was foreign to him.  To promote respect for the law and reflect the seriousness of the offense, the defendant must be punished for his actions.  Further, there must be an adequate sentence in hopes of deterring others that bring drugs and negative influences to infect an entire community, whether that community is their community or not.

After reviewing all the factors set forth in 18 U.S.C. § 3553(a), a sentence of 37 months' imprisonment is a sufficient, but not greater than necessary, sentence.

## SENTENCING ISSUES

In his position with respect to sentencing, the defendant moved for a variance pursuant to 18 U.S.C. § 3553(a).  The defendant claims that he should receive time served based on the factors set forth in § 3553(a).  The government opposes the

defendant's variance request. The defendant's role in the offense has been considered and accounted for in the Sentencing Guidelines calculations. Further, the defendant's prior criminal history, in conjunction with the nature and circumstances of the offense, argue against a time served sentence. Accordingly, the government respectfully requests that the Court deny the defendant's motion for a variance. The government does credit the defendant for taking responsibility for his conduct, and—primarily owing to this factor—requests a sentence at the bottom of the applicable Guidelines range.

## CONCLUSION

The government respectfully requests that the Court impose a sentence of 37 months' imprisonment followed by a term of three years of supervised release. This sentence is reasonable as guided by the factors outlined in 18 U.S.C. §§ 3553(a).

Dated: October 31, 2017                     Respectfully Submitted,

                                                                              GREGORY G. BROOKER
                                                                              Acting United States Attorney

                                                                              *s/Melinda A. Williams*

                                                                              BY:  MELINDA A. WILLIAMS
                                                                              DEIDRE Y. AANSTAD
                                                                              Assistant U.S. Attorneys
                                                                              Attorney ID No. 491005DC